UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 5:09-CR-020-TBR-LLK

UNITED STATES OF AMERICA,                                                       PLAINTIFF

v.

ANTHONY DAVIS,                                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Anthony Davis's pro se Motion for Sentence to Run Concurrent. [R. 55.] The United States (hereinafter "the Government") responded. [R. 57.] This matter is now ripe for adjudication. For the reasons stated herein, Davis's Motion for Sentence to Run Concurrent, [R. 55], is **DENIED**.

On April 6, 2017, after a final hearing to revoke Davis's supervised release, the Court ordered Davis to be committed to the custody of the Bureau of Prisons for a term of ten months with no supervised release to follow. [R. 45 (Judgment/Order).] Upon appeal, the Sixth Circuit Court of Appeals affirmed this Court's judgment. [R. 53 at 5 (USCA Order Affirming).] Now, Davis requests the Court to modify his sentence so as to run concurrent with the state sentence he is currently serving. The Government responds that, under 18 U.S.C. § 3582(c), the Court has no authority to act. [R. 57 at 2.] The Court agrees with the Government.

Under 18 U.S.C. § 3582, the Court has jurisdiction to modify a defendant's term of imprisonment under certain specified circumstances, but "unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacks jurisdiction to consider the defendant's request." *United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010). Section 3582(c) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case--
> > (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Here, Davis does not assert that any of the categories under § 3582(c) apply. [*See* R. 55.] Upon examination, the Court finds that none of the categories under § 3582(c) apply to Davis's situation. Davis, not the Director of the Bureau of Prisons, made the instant motion, so 18 U.S.C. § 3582(c)(1)(A) does not apply. Section 3582(c)(1)(B) does not apply because neither another statute nor Federal Rule of Criminal Procedure 35 permits the type of sentence modification Davis seeks. And Davis is not moving for a reduction in sentence based

upon a change in the sentencing guidelines, so § 3582(c)(2) is also inapplicable. Therefore, according to 18 U.S.C. § 3582(c), the Court lacks jurisdiction to modify Davis's sentence. Davis's Motion for Sentence to Run Concurrent, [R. 55], is DENIED.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**: Defendant Anthony Davis's Motion for Sentence to Run Concurrent, [R. 55], is **DENIED**.

**IT IS SO ORDERED**.

cc: Counsel of Record

Anthony Davis, pro se
200473
Roederer Correctional Complex
P.O. Box 69
LaGrange, KY 40031

**Thomas B. Russell, Senior Judge**
**United States District Court**

June 21, 2018